UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————X

PETRA SZABADOS,

                    Plaintiff,                    **REPORT & RECOMMENDATION**

     v.                                           **23-CV-2505 (LDH) (LKE)**

KRZYSTOF DRZEWIECKI and 194
BEDFORD AVE REST CORP. D/B/A,
DZIUPLA RESTAURANT,

                    Defendants.

——————————————————————X

**LARA K. ESHKENAZI**, United States Magistrate Judge:

Before the Court, on referral from the Honorable LaShann DeArcy Hall, is the motion of

Plaintiff, Petra Szabados ("Plaintiff"), for attorneys' fees and costs against Defendants Krzystof

Drzewiecki ("Defendant" or "Drzewiecki") and 194 Bedford Ave Rest Corp., doing business as

Dziupla Restaurant ("Dziupla," and collectively, "Defendants"). For the reasons set forth below,

the Court respectfully recommends that Plaintiff's motion for fees and costs be granted in part.

## I.   BACKGROUND

The Court assumes familiarity with the relevant facts and procedural history of this case,

which was discussed at length in this Court's Report and Recommendation. *See Szabados v.*

*Drzewiecki*, No. 23-cv-2505 (LDH) (LKE), 2025 U.S. Dist. LEXIS 27419, at *1-4 (E.D.N.Y. Feb.

14, 2025), *R. & R. adopted*, 2025 U.S. Dist. LEXIS 63571 (E.D.N.Y. Mar. 31, 2025). After this

Court granted Plaintiff's motion for default judgment as to Plaintiff's minimum wage and overtime

claims under the under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"),

and awarded Plaintiff compensatory damages, *see id.* at *34-35, the Clerk of Court entered

Judgment in Plaintiff's favor on March 31, 2025. (ECF 48.) Plaintiff requested an extension of

time to move for attorneys' fees and costs (ECF 49), and filed the instant motion on May 5, 2025. (ECF 50.) The Honorable LeShann DeArcy Hall referred the motion to this Court for a Report and Recommendation. (May 7, 2025, Order.)

## II.     **DISCUSSION**

Having determined that Defendants violated the FLSA and NYLL, and that Plaintiff is entitled to damages, the Court now assesses Plaintiff's claim for attorneys' fees and costs pursuant to Fed. R. Civ. P. 54. *See Szabados*, 2025 U.S. Dist. LEXIS 27419, at *27-34. Plaintiff is entitled to an award of reasonable attorneys' fees and costs under the FLSA and the NYLL. 29 U.S.C. § 216(b); N. Y. Labor Law §§ 663, 198(1-a).

Courts in this Circuit exercise their discretion to determine the reasonableness of attorney's fees using the "presumptively reasonable fee" standard. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 183, 190 (2d Cir. 2008). The presumptively reasonable fee, otherwise known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). As a threshold matter, the party seeking fees must provide accurate, detailed, and contemporaneous attorney time records. *See Scott v. City of New York*, 643 F.3d 56, 58-59 (2d Cir. 2011) (per curiam). Plaintiff has satisfied this requirement. (Decl. of Boaz S. Morag ("Morag Decl."), Ex. A, ECF 50-2; Decl. of Amy M. Hong ("Hong Decl."), Ex. A, ECF 50-4.)

The next inquiry is whether Plaintiff's counsel requests a reasonable hourly rate. *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). A reasonable hourly rate is "the rate a paying client would be willing to pay....bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. Reasonable hourly rates should be based on "rates prevailing in the community for similar services of lawyers

2

of reasonably comparable skill, experience, and reputation." *Cruz v. Loc. Union No. 3 of IBEW*, 34 F.3d 1148, 1159 (2d Cir. 1994) (citation omitted). A judge may determine prevailing rates based on experience presented, knowledge of rates charged in the community, and "the nature of representation and type of work involved in a case." *Arbor Hill*, 522 F.3d at 184 n.2; *see Chambless v. Masters, Mates, & Pilots Pension Plan*, 885 F.2d 1053, 1059 (2d Cir. 1989).

The records submitted reflect the work of Plaintiff's attorneys as follows. Boaz S. Morag, Counsel at Cleary Gottlieb Steen and Hamilton LLP ("Cleary Gottlieb"), requests an hourly rate of $450. (Morag Decl. App'x A, ECF 50-1.) Alexis Bramhall and Thomas Mintz, both Senior Associates at Cleary Gottlieb, request an hourly rate of $350. (*Id.* ¶¶ 30-31, App'x A.) Adrian Gariboldi, a Junior Associate, requests an hourly rate of $250. (*Id.* ¶ 32, App'x A.) Amy M. Hong, Staff Attorney at The Legal Aid Society's Employment Law Unit ("Legal Aid") and co-counsel with Cleary Gottlieb, has been practicing law since 2002 and requests an hourly rate of $450. (Hong Decl. ¶¶ 1, 7, 14, ECF 50-3.) This Court finds these requested rates reasonable and well within the range of hourly rates awarded in this District. *See Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 243-44 (E.D.N.Y. 2025) (finding hourly rates of up to $650 for partners, $450 for senior associates, and $300 for junior associates reasonable).

Next, the Court examines the reasonableness of the number of hours billed to the matter. To determine the reasonableness of hours spent on the litigation, a court makes "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Maldonado v. La Nueva Rampa, Inc.*, No. 10-cv-8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012). The "critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Id.* at *13 (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). Plaintiff bears the burden

of showing this reasonableness, "supported by contemporaneous time records" that are specific in detailing the attorney billing their time, the work completed, the hours billed, and the dates on which each item was billed. *Fox Indus., Inc. v. Gurovich*, No. 03-cv-5166 (TCP) (WDW), 2005 WL 2305002, at *1 (E.D.N.Y. Sept. 21, 2005); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983) (noting that although parties are "not required to record in great detail how each minute of his time was expended" . . . "counsel should identify the general subject matter of his time expenditures."). "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Melo v. Milagro Grocery Corp.*, 750 F. Supp. 3d 38, 61 (E.D.N.Y. 2024) (quoting *Finkel v. Captre Elec. Supply Co.*, No. 14-cv-3584 (RJD) (JO), 2015 U.S. Dist. LEXIS 122282, at *13 (E.D.N.Y. July 31, 2015), *R. & R. adopted*, 2015 U.S. Dist. LEXIS 121469 (E.D.N.Y. Sep. 10, 2015)). "If the Court finds that some of the time the attorney billed was not reasonably necessary, it should reduce the time for which compensation is awarded accordingly." *Chacha v. Nueva Era Flower Corp.*, No. 23-cv-3367 (AMD) (MMH), 2025 U.S. Dist. LEXIS 174932, at *41 (E.D.N.Y. Sep. 8, 2025) (citation omitted), *R. & R. adopted*, 2025 U.S. Dist. LEXIS 193577 (E.D.N.Y. Sep. 30, 2025).

Here, Plaintiff's counsel seeks compensation for 117.10 hours. (Morag Decl. App'x A.) Based on Plaintiff's submitted billing records, this Court finds the total hours excessive under the circumstances. While Plaintiff's counsel commenced this case in March of 2023, and litigated professionally for two years, the procedural history and the complexity of the issues does not necessitate the number of hours expended. (*See generally* Dkt.) Indeed, although Plaintiff's attorneys effected proper service and reached out to Defendants multiple times, Defendants ultimately failed to answer or otherwise respond to the Complaint. (Morag Decl. ¶¶ 13-14); *see*

*Szabados*, 2025 U.S. Dist. LEXIS 27419, at *2-4. After Plaintiff moved for default judgment, Judge Kuo held oral argument, where only Plaintiff appeared. (Feb. 1, 2024, Min. Entry and Order.) Judge Kuo discussed a pleading deficiency in the original Complaint, noting that Plaintiff did not "allege anything that shows that" Defendants were "a single integrated enterprise or integrated employer" under the FLSA's "federal definition of employer." (Tr. at 10:2-4; 12:3-4, ECF 32.); *see Talmaci v. Vep Assocs. LLC*, No. 22-cv-5309 (CBA) (MMH), 2025 U.S. Dist. LEXIS 179254, at *13 (E.D.N.Y. Sep. 11, 2025) ("For employees to be covered by the FLSA, they must show either that their employer was an enterprise engaged in interstate commerce or that their work as employees regularly involved them in interstate commerce." (citation omitted)), *R. & R. adopted*, 2025 U.S. Dist. LEXIS 190493 (E.D.N.Y. Sep. 26, 2025). Plaintiff subsequently withdrew the motion and filed an Amended Complaint addressing the issue raised by Judge Kuo during the hearing. (Morag Decl. ¶¶ 15-16; *see* Am. Compl., ECF 33.) Plaintiff served Defendants, who again failed to answer or otherwise appear, and requested certificates of default and moved for default judgment accordingly. (ECFs 34-41.)

"Regarding the complexity of the issues being litigated, the FLSA and NYLL are straightforward and relatively simple." *Jones v. Pawar Bros. Corp.*, No. 17-cv-3018 (PKC) (SJB), 2023 U.S. Dist. LEXIS 170688, at *32 (E.D.N.Y. Sep. 25, 2023) (internal quotations and alterations omitted). The nature of the work performed in this matter was relatively straightforward, and the FLSA and NYLL claims were not exceptionally novel or complex. *Lilly v. City of New York*, 934 F.3d 222, 232 (2d Cir. 2019) ("[C]ase-specific factors like the novelty or complexity of the matter are appropriately considered in determining the reasonable hourly rate or hours billed."). This Court also notes that this case was litigated contemporaneously by the same team of attorneys in a related FLSA/NYLL case involving a different plaintiff against identical

Defendants, with nearly the same issues, procedural history, and briefings. (Let. Mot. for Determination of Relatedness at 2, ECF 10 ("Due to the similarity of facts and legal issues in the *Pazderova* and *Szabados* Actions, as well as the fact that the two cases arise from the same events and concern the same defendants, a substantial saving of judicial resources is likely to result from assigning both Actions to the [same] judge[s.]")); *see Pazderova v. Drzewiecki*, No. 23-cv-1617 (LDH) (LKE), 2025 U.S. Dist. LEXIS 27762, at *1-7 (E.D.N.Y. Feb. 14, 2025), *R. & R. adopted*, 2025 U.S. Dist. LEXIS 67317 (E.D.N.Y. Mar. 31, 2025). In this case, however, the legal and factual issues are even more straightforward than those in *Pazderova*, because unlike in *Pazderova*, Plaintiff did not allege a clam pursuant to the Trafficking Victims Protection Reauthorization Act of 2008. *See id*.

Moreover, Plaintiff did not engage in any exchange of discovery, opposed motion practice, or trial. (*See generally* Dkt.) In comparison, in FLSA and NYLL cases in this Circuit that have been litigated through trial, courts have awarded fees for reasonable hours ranging from approximately 110 to 150 hours. *See Yol Kim v. J&J Safetymate Corp.*, No. 22-cv-1070 (TAM), 2025 U.S. Dist. LEXIS 193712, at *13-15 (E.D.N.Y. Sep. 30, 2025) (collecting FLSA/NYLL cases where, after trial, courts awarded reasonable fees in this range, and concluding that 113 hours was reasonable for a case involving "motion practice, a mediation, and a [one-day damages] trial"); *Palaguachi v. All City Remodeling, Inc.*, No. 15-cv-9688, 2018 U.S. Dist. LEXIS 241268, (S.D.N.Y. Apr. 20, 2018) (noting that 116 hours billed is "comparable to the amount of time attorneys spend to prosecute an entire FLSA action"). Generally, higher hours are reasonable where cases have "unusual level[s] of litigation." *Durand v. Excelsior Care Grp. LLC*, No. 19-cv-2810 (KAM) (TAM), 2021 U.S. Dist. LEXIS 225289, at *18-19 (E.D.N.Y. July 14, 2021) (concluding that 113 to 135.1 hours was reasonable in a four-plaintiff FLSA case where "the parties have

6

engaged in substantial discovery—including twelve depositions and documentary discovery—as well as multiple rounds of pleadings and settlement negotiations").

Additionally, the 117.50 hours that Plaintiff's counsel seeks is well above the range of hours that attorneys typically request in cases with similar procedural postures. *See, e.g.*, *Talmaci*, 2025 U.S. Dist. LEXIS 179254, at *3-5, 37-39 (where plaintiff was granted leave to amend the complaint to address the same FLSA pleading deficiency as here, and plaintiff moved for default judgment three times, the court found 41.5 hours unreasonable because it was a "straightforward wage-and-hour case in which [d]efendants declined to meaningfully defend against [p]laintiff's claims"); *see also Perez v. E.P.E. Enterprise Corp.*, No. 22-cv-6353 (DG) (RER), 2023 U.S. Dist. LEXIS 153741, at *25 (E.D.N.Y. Aug. 29, 2023) (finding that "23.5 hours is within the range of time spent on FLSA and NYLL default judgment cases in this District" in an FLSA case where plaintiff moved for default and the court held an inquest hearing); *Cuchimaque v. A. Ochoa Concrete Corp.*, No. 22-cv-6136 (RPK) (RML), 2023 U.S. Dist. LEXIS 124589, at *21-22 (E.D.N.Y. July 18, 2023) (collecting cases finding a range of about 30 to 45 hours to be within the reasonable range of single-plaintiff FLSA default cases), *R. & R. modified in part*, 2023 U.S. Dist. LEXIS 232219 (E.D.N.Y. Aug. 23, 2023); *Lazaro v. Best Fish Mkt. Corp.*, No. 21-cv-5305 (BMC), 2022 U.S. Dist. LEXIS 17015, *4-5 (E.D.N.Y. Jan. 29, 2022) (finding that "19.5 hours is a reasonable amount of time to obtain a default judgment" in an FLSA case with two plaintiffs and two amended complaints).

Finally, while this Court appreciates Plaintiff's preemptive reduction in hours (Morag Decl. ¶ 24), a close review of Plaintiff's billing records demonstrates that some of the hours billed were excessive or redundant. "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a

7

reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Feuer v. Cornerstone Hotels Corp.*, No. 14-cv-5388 (JPI3) (SIL), 2021 U.S. Dist. LEXIS 202316, at *9 (E.D.N.Y. Oct. 20, 2021) (quoting *Kirsch v. Fleet St., Ltd*, 148 F.3d 149, 173 (2d Cir. 1998)). Here, for example, Plaintiff's counsel appears to have spent approximately 6.5 hours communicating, drafting, and filing the certificates of default. (Morag Decl. Ex. A at 3, ECF 50-2.) Plaintiff's team of five attorneys also billed for internal communications, which created some redundant entries. (*See e.g.*, *id.* at 5 (showing two Senior Associates and one Junior Associate each billing for an internal phone call regarding the status of the motion for default judgment).)

Therefore, in considering the complexity of the issues, the procedural history including the substantial overlap with the issues the same attorneys litigated contemporaneously in the *Pazderova*, the hours billed in comparison with comparable cases, and the billing entries, this Court finds that a deduction in hours is appropriate and recommends reducing Plaintiff's total amount of attorneys' fees by 15%, from $40,765 to $34,650.25. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997) (affirming 15% reduction of attorney's hours); *Panora v. Deenora Corp.*, No. 19-cv-7267 (BMC), 2021 U.S. Dist. LEXIS 231151, at *23 (E.D.N.Y. Dec. 2, 2021) (reducing plaintiff's time charges by 15%); *Tokyo Electron Ariz., Inc. v. Discreet Indus. Corp.*, 215 F.R.D. 60, 64-65 (E.D.N.Y. 2003) (applying 10% reduction to excessive fee application); *Jones*, 2023 U.S. Dist. LEXIS 170688, at *35 (reducing plaintiff's total amount of attorneys' fees by 18%).

Lastly, Plaintiff requests reimbursement for $7,205.22 in litigation costs. (Morag Decl. ¶ 35.) These costs include court filings, service fees, mailing, and legal research. (*Id.*, App'x B, ECF 50-1.) "Ordinarily, plaintiffs may recover costs relating to filing fees, process servers, postage, and photocopying." *Pichardo v. El Mismo Rincon Latino Corp.*, No. 17-cv-7439, 2018 WL 4101844,

8

at *11 (E.D.N.Y. Aug. 7, 2018) (citations omitted), *R. & R. adopted*, 2018 WL 4100480 (E.D.N.Y. Aug. 28, 2018); *see also LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). Plaintiff's attorney provides that the "underlying invoices and receipts for each expense are maintained at Cleary Gottlieb's offices." (Morag Decl. ¶ 34.) Nonetheless, no invoices or receipts were submitted in support of the costs requested. "Plaintiff must provide sufficient documentary evidence to support an award of reasonable costs." *Martinez v. Golden Flow Dairy Farms Inc.*, No. 21-cv-2421 (ENV) (MMH), 2025 U.S. Dist. LEXIS 268513, at *32 (E.D.N.Y. Dec. 31, 2025), *R. & R. adopted*, 2026 U.S. Dist. LEXIS 28805 (E.D.N.Y. Feb. 11, 2026); *Brito v. Marina's Bakery Corp.*, No. 19-cv-00828 (KAM) (MMH), 2022 U.S. Dist. LEXIS 53351, at *81-82 (E.D.N.Y. Mar. 24, 2022) ("declin[ing] to accept Plaintiffs' conclusory calculation of litigation costs, as it is wholly unsupported by actual receipts, dates of payments, or any other available information to assist in the Court's determination of the reasonableness of such fees").

However, this Court takes judicial notice of Plaintiff's payment of the $402 filing fee listed on the docket (ECF 1), and the $40 service of process receipt documented in Plaintiff's affidavit of service (ECF 40-3 at 6). *See Joe Hand Promotions, Inc. v. Bernal*, No. 18-cv-85 (ILG) (SJB), 2019 U.S. Dist. LEXIS 28628, at *16 (E.D.N.Y. Feb. 22, 2019) (awarding plaintiff the $400 filing fee after taking judicial notice of the fee, and service of process costs, documented in an invoice from plaintiff's process server). Thus, this Court recommends awarding Plaintiff's counsel $442 in costs.

## III.     **CONCLUSION**

Based on the foregoing, the Court respectfully recommends that Plaintiff's motion for attorneys' fees and costs be granted in part. Specifically, this Court recommends awarding Plaintiff $34,650.25 in fees, and $442 in costs, for a total award of $35,092.25.

A copy of this Report and Recommendation is being served on Plaintiff via ECF. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Defendants at the following addresses forthwith: (1) Krzystof Drzewiecki, 475 48th Avenue, #2114, Long Island City, NY 11109; (2) 194 Bedford Ave Rest Corp., 194 Bedford Avenue, Brooklyn, NY 11249. Plaintiff is also directed to mail a copy of this Report and Recommendation and file proof of service of mailing by February 27, 2026.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge DeArcy Hall. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
February 23, 2026

*Lara K. Eshkenazi*
LARA K. ESHKENAZI
United States Magistrate Judge

10